By the Court.
The effect of the Massachusetts statute was to save the policy from a forfeiture by a lapse of the premiums from September 2,1876, to the death of the life insured, provided the death occurred “within the term of temporary insurance covered by the value of the policy” as provided in the first section. The provision is as follows :
“The net value of the policy, when the premium becomes due and is not paid, shall be ascertained, according to the 'combined experience/ or 'actuaries’ rate of mortality, with interest at four per centum per annum. After deducting from such net value any indebtedness to the company, or notes held by the company against the insured — which notes, if given for premium, shall then be cancelled — four-fifths of Avhat remains shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of the premium, and the assumptions of mortality and interest aforesaid.”
The petition does not show that the death of the party occurred within the term of temporary insurance to which he w'ould have been entitled under the provisions of this statute at the time the lapse in the payment of the premiums occurred. No data are given from which the “net single premium of *424 temporary insurance ” to which he would have been entitled, can be ascertained. The age of the party at the lapse of the premiums is not given, nor is it shown whether he was indebted to the company in any way, nor, is given the “'combined experience” or “ actuaries” rate of mortality applicable to the case. Hence the petition failed to state a cause of action.

Judgment affirmed.